United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Lisa A Ciarrocchi  
     Debtor

Case No. 19-14702-jkf  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: Lisa                      Page 1 of 1                  Date Rcvd: Dec 05, 2019
                      Form ID: pdf900             Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 07, 2019.
db             +Lisa A Ciarrocchi,    2423 S. Camac Street,    Philadelphia, PA 19148-3509

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 07, 2019                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 5, 2019 at the address(es) listed below:
      DAVID M. OFFEN    on behalf of Debtor Lisa A Ciarrocchi dmo160west@gmail.com, davidoffenecf@gmail.com;offendr83598@notify.bestcase.com
      REBECCA ANN SOLARZ    on behalf of Creditor    Government Loan securitization Trust 2011-FV1, U.S. Bank Trust National Association, Et Al... bkgroup@kmllawgroup.com
      SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com
      SCOTT F. WATERMAN (Chapter 13)    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13) ECFMail@ReadingCh13.com
      United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                                                   TOTAL: 5

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lisa A. Ciarrocchi<br>Debtor | CHAPTER 13 |
| Specialized Loan Servicing, LLC as servicing agent for Government Loan Securitization Trust 2011-FV1, U.S. Bank Trust National Association, not in its individual capacity but solely as Delaware trustee and U.S. Bank National Association, not in its individual capacity but solely as Co-Trustee<br>Movant<br>vs. | NO. 19-14702 JKF<br><br>11 U.S.C. Section 362 |
| Lisa A. Ciarrocchi<br>Debtor | |
| Scott F. Waterman, Esquire<br>Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,220.00**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 2019 to December 2019 at $644.00/month |
| **Total Post-Petition Arrears** | **$3,220.00** |

2. The Debtor shall cure said arrearages in the following manner:

   a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$3,220.00**.

   b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$3,220.00** along with the pre-petition arrears;

   c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due January 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $644.00 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If a Notice of Default is sent pursuant to Paragraph 5 of this Stipulation but then cured by the Debtor, Movant has the right to file an immediate Certification of Default upon any subsequent defaults of payment.

7. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date:   December 3, 2019

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: Dec 4, 2019

David M. Offen, Esquire
Attorney for Debtor

Date: December 4, 2019

/s/ Polly A. Langdon, Esquire, for
Scott F. Waterman, Esquire
Chapter 13 Trustee

.Approved by the Court this __5th__ day of __Decmeber_____, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Jean K. FitzSimon